Davis, J.
This case was begun in the court of common pleas of Clark county, by the administrator of the estate of Hannah M. Johnson, deceased, to obtain the decision of the court as to the manner in which the personal property in the hands of such administrator should be distributed. The facts are very similar to those stated in Russell et al. v. Bruer et al., ante, 1, the chief difference being that this *8 case involves the descent of personal property, instead of real property, as in the case referred to. The following finding by the court presents the essential facts, which must be considered in deciding the case:
“That the said Hannah M. Johnson, at the time of the death of said William I). Johnson, had no separate estate or property of her own, and that thereafter she never acquired any, excepting that which came to her from the said William D. Johnson, and such as she acquired with the proceeds and income thereof; that with the proceeds of a part of the personal property which came to her from said William D. Johnson she purchased real estate; that she did not set apart nor invest the personal property which came to her from said William D. Johnson as a separate fund, but that she commingled the proceeds thereof with the interest thereon and with the rents and income from the real estate in one common fund, and made disbursements therefrom without regard to the source from which it came, but she had been advised and believed and desired that all the real estate and personal property of which she should die possessed would pass and descend under the provisions of section 4162 of the Revised Statutes of Ohio, one-half to her brothers and sisters or their legal representatives, and one-half to the brothers and sisters or their legal representatives of the said William D. Johnson, and about ten years before her death, having given $15,000 to his blood relations, she gave the same amount to her blood relations; and it was her express desire that the value of the real estate and personal property of which she might die possessed should not be less than the value of the estate received by her from him; that of the personal property of which the said Hannah M. Johnson died *9 possessed, 140 shares in stock of the First National Bank of Springfield, Ohio, and the household goods, books and pictures came to her from the said William D. Johnson under section 4159 of the Revised Statutes of Ohio; that the remainder of said personal property did not so come to her from him in the identical form in which the same was at the time of her decease, but such remainder is the proceeds of personal property which so came to her from said William D. Johnson, and is the remainder of the personal estate which came to her from the said William D. Johnson under the provisions of section 4159 of the Revised Statutes of Ohio.”
The circuit court decreed that the administrator should distribute the personal estate of Hannah M. J ohnson, as follows: One-half to the brothers and sisters, or their legal representatives, of said Hannah M. Johnson, and one-half to the brothers and sisters, or their legal representatives, of William D. Johnson.
The rule in Ohio that the course of descent of real property is controlled by the legal title, does not apply to personal property. The owner of personal property may, and generally does, acquire the title thereto in parol, and he may sell and transfer in parol, and as has been aptly said by a text writer of authority, “if he can transfer it by parol, there is no reason why he may not by parol transfer it upon such lawful terms, and to such uses and trusts, as he may desire. It has been so ruled in express decisions in the United States. When a person sui juris orally or in writing explicity or impliedly declares that he holds personal property in presentí for another, he thereby constitutes himself an express trustee.” Perry on Trusts, section 86.
*10 The finding of the circuit court discloses that Mrs. Johnson not only mingled the property which came to her from her deceased husband with the proceeds thereof and interest thereon and with rents and income from the real estate which she possessed, in one common fund; but that she did this in the belief and desire that all of the personal property, and real estate as well, of which she should die possessed should and would descend, one-half to her brothers and sisters, or their legal representatives, and one-half to the brothers and sisters, or their legal representatives, of her deceased husband, William D. Johnson. In partial fulfillment of this desire and intention she gave to her husband’s relatives $15,000, and the same amount to her own relatives. Although, for the reasons stated in Russell et al. v. Bruer et al., referred to above, she failed in the accomplishment of her desire as to her realty, we see no obstacle to carrying out her purpose as to the personalty. On this she has clearly and intentionally stamped the character of property which came to her under the provisions of section 4159, and became thereby- a trustee for the beneficiaries so indicated, and upon her death it descended according to the provisions of Revised Statutes, section 4162. The judgment of the circuit court will be.

Affirmed.

Shauck, C. J. and Bukkbt, J., concur.